UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>SOUTHERN ILLINOIS RIVERBOAT/<br>CASINO CRUISES INC, d/b/a HARRAH'S<br>METROPOLIS CASINO,<br><br>    Defendant. | Case No. 06-cv-4069-JPG |

**MEMORANDUM AND ORDER**

This matter is before the Court on Jennifer Smith's motion to strike defendant's affirmative defenses (Doc. 7).  Southern Illinois Riverboat/Casino Cruises Inc., d/b/a Harrah's Metropolis Casino (Harrah's) has filed a memorandum in opposition to Smith's motion (Doc. 9).

**BACKGROUND**

In its answer, Harrah's asserted eleven affirmative defenses.  Smith claims that all but two of these defenses, 6 and 9, fail to meet the requirements of Federal Rule of Civil Procedure 8.  Harrah's concedes the insufficiency of its first affirmative defense and seeks leave to amend it, which the Court **GRANTS**. Harrah's claims the remainder of its affirmative defenses are sufficient.

**ANALYSIS**

Under Federal Rule of Civil Procedure 12(f), upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay.  *See Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lipsky v.*

*Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (discussing Rule 12(f) and stating that "courts should not tamper with pleadings unless there is a strong reason for so doing."). That a defense or allegation is immaterial is not a sufficient basis on which to grant a motion to strike; the defense or allegation must also be shown to be prejudicial or completely irrelevant. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997); *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). The burden on a motion to strike is upon the moving party. *Talbo*t, 961 F.2d at 664; *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F.Supp.2d 1028 (N.D. Ill. 1998).

Smith has failed to convince the Court that there is a "strong reason" to tamper with the pleadings in this case. Smith mainly complains of Harrah's failure to aver sufficient facts to support its defenses (ADs 2, 3, 4, 5, 7, 8, 10, 11); she also claims ADs 3 and 11 are redundant and that AD 7 is conclusory. Though Smith's claims here have some merit, the Court agrees with Harrah's that such pleading defects that exist when the defenses are viewed separately (as regards factual specificity), largely disappear when one views the defenses as a whole. Beyond that, Smith's claims are quite weak. Certainly, she is on notice of the general bases of Harrah's defenses. To the extent she would like more facts, she can move under Rule 12(e) for a more definite statement, though such motions are also disfavored. In any event, the strength of Harrah's affirmative defenses can surely be tested on summary judgment.

The Court finds Smith's failure to demonstrate how these affirmative defenses are prejudicial or irrelevant demonstrates the infirmity of her position. As mentioned, motions under 12(f) often serve little purpose. For this reason, this Court, and other courts in the Seventh Circuit, require a showing of prejudice or complete irrelevancy to support a Rule 12(f) motion to

strike. *See Brooks v. Heid*, 05-CV-4163, 2006 WL 839430, at *1 (S.D. Ill. Mar. 29, 2006); *Talbot*, 961 F.2d at 664; *Peters*, 983 F.Supp. at 798; *Hardin*, 188 F.R.D. at 511.  Smith has not made a sufficient showing.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Smith's motion to strike (Doc. 7) with regard to Harrah's first affirmative defense; it **DENIES** the motion in all other respects.  The Court **GRANTS** Harrah's leave to amend its first affirmative defense.

**IT IS SO ORDERED.**

DATED: August 30, 2006

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**